# United States Court of Appeals for the Federal Circuit

---

**INTELLECTUAL VENTURES I LLC,
INTELLECTUAL VENTURES II LLC,**
*Plaintiffs-Appellees*

**INVENTION INVESTMENT FUND II, LLC,
INTELLECTUAL VENTURES MANAGEMENT, LLC,
INVENTION INVESTMENT FUND I, L.P.,**
*Third Party Defendants-Appellees*

**v.**

**CAPITAL ONE FINANCIAL CORPORATION,
CAPITAL ONE BANK (USA), NATIONAL
ASSOCIATION, CAPITAL ONE, NATIONAL
ASSOCIATION,**
*Defendants/Third Party Plaintiffs-Appellants*

---

2018-1367

---

Appeal from the United States District Court for the District of Maryland in No. 8:14-cv-00111-PWG, Judge Paul W. Grimm.

---

## ON PETITION FOR PANEL REHEARING

---

MATTHEW J. MOORE, Latham & Watkins LLP, Washington, DC, filed a combined petition for panel rehearing and rehearing en banc for defendants/third party

plaintiffs-appellants.  Also represented by GABRIEL BELL, ALAN J. DEVLIN, ADAM MICHAEL GREENFIELD, BLAKE STAFFORD; CHRISTOPHER S. YATES, San Francisco, CA; ROBERT A. ANGLE, Troutman Sanders LLP, Richmond, VA.

ROBERT E. FREITAS, Freitas & Weinberg LLP, Redwood Shores, CA, filed a response to the petition for plaintiffs-appellees and third party defendants-appellees.  Also represented by JESSICA N. LEAL, DANIEL J. WEINBERG.

---

Before PROST, *Chief Judge,* BRYSON and REYNA, *Circuit Judges.*

PER CURIAM.

## ORDER

In its petition for rehearing, Capital One focuses largely on the Fourth Circuit's decision in *Tuttle v. Arlington County School Board*, 195 F.3d 698 (4th Cir. 1999). Capital One argues that *Tuttle* is inconsistent with the rationale underlying this court's decision on the issue of collateral estoppel.  In fact, however, *Tuttle* has little in common with this case and does not affect the court's analysis of the collateral estoppel issue.

In the litigation that led to the Fourth Circuit's decision in *Tuttle*, the plaintiff first challenged a policy of the Arlington County School Board that limited admission to a particular program based in part on race, in order to obtain diversity among the students.  The district court struck down that policy on two grounds: (1) that the objective of a diverse student body was not a compelling interest that would justify decision-making on racial grounds, and (2) that in any event the school board's policy was not narrowly tailored to achieve that objective.  Rather than enter a broad injunction, the district court allowed the school board to revise its policy in an effort to satisfy the constitutional objections.  After the school board revised its policy, a new

group of plaintiffs challenged the policy once more, again arguing that it was unconstitutional. The district court held the policy unconstitutional, and the school board appealed.

One of the arguments made by the plaintiffs on appeal was that the school board was collaterally estopped from arguing that diversity could be a compelling governmental interest, as that argument had been rejected by the district court in response to the first round of litigation in that court. The court of appeals rejected the plaintiffs' argument on that issue in a single paragraph, citing three grounds for its ruling. First, the court held that because the admissions policy in the earlier proceeding in the district court was "markedly different than the current Policy," the issues decided in the previous proceeding "were hardly 'identical' to the issues currently before this Court." 195 F.3d at 704. Second, in the sentence on which Capital One focuses, the court ruled that "[s]ince the district court [in the first proceeding] also concluded that the [policy at issue in that proceeding] was not narrowly tailored, the district court's conclusion of law that diversity could never be a compelling interest was not 'necessary' [in that proceeding]." *Id.* Third, the court noted that because the district court's previous ruling had allowed the school board to continue to attempt "the goals expressed in its admissions policy" by other means, the decision in the earlier case was not "final and valid." 195 F.3d at 701, 704.

Capital One argues that the second ground on which the *Tuttle* court found collateral estoppel inapplicable is contrary to this court's analysis of the collateral estoppel issue in this case. We disagree, for several reasons.

First, unlike in this case, the two proceedings at issue in *Tuttle* were quite different. As the court of appeals pointed out, the school board altered its policy following the first proceeding, so the constitutional analysis of the board's action was necessarily different. By contrast, as we

explained in the initial opinion in this case, the two anti-trust claims in the proceedings before Judge Trenga and Judge Grimm were essentially the same.

Second, unlike in this case, the two issues on which the district court ruled against the school board in *Tuttle* were not integrally related.  In this case, as we pointed out in the initial opinion, the two issues were intertwined, inasmuch as the presence of an antitrust market is relevant not only to whether an antitrust market has been identified but also to whether the defendant possesses monopoly power in that market.  The issues are not separate and distinct issues, each of which could stand alone in defeating the asserted cause of action.  In *Tuttle*, by contrast, the questions of whether diversity could ever be a compelling interest, and even if it could, whether the school board's policy was narrowly tailored to further diversity were separate issues; deciding one of those issues did not necessarily decide the other.

Third, in our initial opinion, we held that collateral estoppel was applicable in part because either of the alternative grounds on which Judge Trenga based his decision would have been sufficient to decide the case before Judge Grimm.  In *Tuttle*, however, that was not true.  Because the school board altered its policy between the first proceeding and the second, the question whether the policy was "narrowly tailored" to achieve the objective of diversity was different between the two cases.  Therefore, *Tuttle* was not a case in which, as we said of this case, "all of the alternative determinations in the first case would be independently sufficient to dispose of the second case."  Op. 28.[1]

---

[1]    Capital One argues (Pet. 8) that Judge Trenga based his decision on two additional grounds: the failure to allege anticompetitive conduct, and the failure to allege an exception to the *Noerr-Pennington* doctrine.  But Capital

Fourth, unlike in this case, the proceedings in *Tuttle* were not co-pending. Following the initial decision of the district court, the school board in *Tuttle* adopted a different policy in an effort to satisfy the court's analysis in the first case. In this case, by contrast, Capital One simply sought to litigate the same claims in Judge Grimm's court after having lost on those claims before Judge Trenga. For the reasons set forth in the Second Circuit's decision in *Williams v. Ward*, 556 F.2d 1143 (2d Cir. 1977), that distinction also undermines Capital One's argument that the *Tuttle* case indicates that the Fourth Circuit would not apply collateral estoppel on the facts of this case.

The Fourth Circuit's brief treatment of collateral estoppel in *Tuttle* is not materially different from that court's decisions in the other collateral estoppel cases discussed in the initial opinion in this case. *See* Op. 19-20, 23-25. And, for the reasons set forth above, nothing in the *Tuttle* court's

---

One previously represented to Judge Grimm that Judge Trenga's decision rested on two grounds, not four, and Judge Grimm relied on that representation in his ruling on the collateral estoppel issue. *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 280 F. Supp. 3d 691, 717 (D. Md. 2017) (quoting Capital One's argument that "the Virginia court's decision rested on the independent grounds that Capital One's market definition and monopoly power allegations were both insufficient to state a claim."); *see also id.* at 719-20, 723. And Capital One repeated that representation in its brief to this court. Appellant's Br. 52-53 ("As the district court acknowledged, the sufficiency of the market definition was certainly only one of two alternative grounds for dismissal of these claims in the prior Virginia case.") (internal quotations and alteration omitted). Capital One has therefore waived any argument that Judge Trenga's decision was based on grounds other than the ones previously asserted in Capital One's briefs.

ruling on the collateral estoppel issue is inconsistent with the analysis in our initial opinion.

In addition to discussing *Tuttle*, the petition complains that by declining to address the district court's ruling on the *Noerr-Pennington* issue, this court has left undisturbed "the district court's published and dangerously incorrect decision concerning the scope of *Noerr* immunity." Pet. 16. "It is paramount," Capital One urges, "that this Court correct the district court's erroneous holding." Pet. 4.

The petition notes that the Department of Justice and the Federal Trade Commission previously filed a brief as amici curiae expressing concern about the breadth of the district court's decision on that issue. Notably, however, the government did not urge us to decide the *Noerr-Pennington* issue, but merely said that "*if the Court reaches the Noerr-Pennington issue*, it should clarify that *Noerr-Pennington* does not protect anticompetitive patent acquisitions from antitrust liability, regardless of whether the patent acquirer engages in protected litigation activity." Amici Br. 2 (emphasis added); *see also id.* at 10–11, 22. Evidently, the government does not share Capital One's view that declining to address the *Noerr-Pennington* issue would, as Capital One puts it, "obstruct enforcement of the antitrust laws." Pet. 17. We are likewise not persuaded that we are obliged to address a legal issue that is unnecessary to the decision of this case.

Upon consideration thereof,

IT IS ORDERED THAT:

The petition for panel rehearing is denied.

FOR THE COURT

December 11, 2019
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court